**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Randall M. Green and Ann Green,
Respondents/Appellants,

v.

Wayne B. Bauerle, M.D. and Wayne B. Bauerle, M.D.,
P.C., Appellants/Respondents.

Appellate Case No. 2014-000460

Appeal From Horry County
Steven H. John, Circuit Court Judge

Unpublished Opinion No. 2016-UP-052
Heard November 18, 2015 – Filed February 3, 2016

**AFFIRMED**

Andrew F. Lindemann, Davidson & Lindemann, P.A., of Columbia; John B. McCutcheon, Jr. and Lisa Arlene Thomas, Thompson & Henry, P.A., both of Conway, for Appellants/Respondents.

O. Grady Query, Michael W. Sautter, and Elizabeth Brooke Hurt, Query Sautter Forsythe, LLC, all of Charleston; Cristin A. Uricchio, Uricchio Law Firm, of

Charleston; and L. Morgan Martin, L. Morgan Martin, PA, of Conway; for Respondents/Appellants.

---

**PER CURIAM:**  Randall and Ann Green sued Dr. Wayne B. Bauerle and several other defendants for medical malpractice and loss of consortium.  The Greens claimed Dr. Bauerle negligently treated Mr. Green for injuries resulting from a car accident, causing Mr. Green to become paralyzed.  The Greens settled or dismissed their claims against all defendants except Dr. Bauerle and Dr. Bauerle's professional corporation.  The Greens also settled their claims against the at-fault driver.  A jury awarded Mr. Green $2.3 million for the malpractice claim and Mrs. Green $550,000 for loss of consortium.  Dr. Bauerle filed a motion for setoff, and the trial court granted setoff only as to the proceeds of the Greens' settlement with Grand Strand Regional Medical Center, LLC—the hospital where Dr. Bauerle treated Mr. Green—and Carolina Medical Response, Inc.—an ambulance operator that transported Mr. Green from Grand Strand to the Medical University of South Carolina after Dr. Bauerle treated Mr. Green.

The Greens and Bauerle filed cross-appeals.  The Greens contend the trial court erred in (1) finding South Carolina Code section 15-38-50 (2005) mandated setoff, (2) finding the entire amount paid by Grand Strand and Carolina Medical Response had to be set off against the verdict, and (3) allocating the proceeds of the Greens' settlement with Grand Strand and Carolina Medical Response between the Greens' claims.  Bauerle contends the trial court erred in denying setoff as to the funds paid by the at-fault driver and the Greens' underinsured motorist carrier.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the trial court erred in granting setoff for the funds paid by Grand Strand Regional Medical Center and Carolina Medical Response: *Riley v. Ford Motor Co.*, 414 S.C. 185, 195, 777 S.E.2d 824, 830 (2015) ("A non-settling defendant is entitled to credit for the amount paid by another defendant who settles for the same cause of action." (quoting *Rutland v. S.C. Dep't of Transp.*, 400 S.C. 209, 216, 734 S.E.2d 142, 145 (2012)); *Hawkins v. Pathology Assocs. of Greenville, P.A.*, 330 S.C. 92, 113, 498 S.E.2d 395, 407 (Ct. App. 1998) (stating allowing this credit—or setoff—ensures "there can only be one satisfaction for an injury or wrong"); S.C. Code Ann. § 15-38-50 (2005) ("When a release or a covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury or the same wrongful death:  (1) it does not discharge any of the other tortfeasors from liability for the injury or

wrongful death unless its terms so provide, but it reduces the claim against the others to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is the greater . . . ."); *Smith v. Widener*, 397 S.C. 468, 472, 724 S.E.2d 188, 190 (Ct. App. 2012) (stating when section 15-38-50 applies, courts have no discretion in applying setoff).

2. As to whether the trial court erred in denying setoff for the funds paid by the at-fault driver and the Greens' underinsured motorist carrier:  *Widener*, 397 S.C. at 472, 724 S.E.2d at 190 ("[B]efore entering judgment on a jury verdict, the court must reduce the amount of the verdict to account for any funds previously paid by a settling defendant, *so long as* the settlement funds were paid to compensate the same plaintiff on a claim for the same injury." (emphasis added)); *Hawkins*, 330 S.C. at 113-14, 498 S.E.2d at 406-07 (holding—in a South Carolina wrongful death claim—the trial court should not have set off the plaintiff's recovery from a Georgia wrongful death claim because "the damages recoverable in each claim were not the same"); *id.* (stating the damages recoverable under the Georgia and South Carolina wrongful death statutes were not the same because the Georgia statute provided damages for the value of the human life lost and the South Carolina statute provided for losses as a result of the death).

3.  As to whether the trial court erred in allocating the settlement proceeds between the Greens' claims:  *Widener*, 397 S.C. at 473, 724 S.E.2d at 191 ("[W]hen a settlement is argued to involve two claims . . . the circuit court must make the factual determination of how to allocate the settlement between the two claims."); *Rutland*, 400 S.C. at 216, 734 S.E.2d at 145 (holding the trial court correctly reallocated settlement proceeds—which allocated money specifically to the plaintiff's pain and suffering—when no evidence supported pain and suffering).

**AFFIRMED.**

**FEW, C.J., and KONDUROS and LOCKEMY, JJ., concur.**